856 F.2d 186
 49 Ed. Law Rep. 25
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
James LATIMORE, Plaintiff-Appellant,
v.
The PRESIDENT AND BOARD OF GOVERNORS OF The UNIVERSITY OF
NORTH CAROLINA AT CHARLOTTE; Its Vice Chancellor for
Academic Affairs; Its Sociology, Anthropology and Social
Work Department, Defendants-Appellees.
 No. 87-2170.
 United States Court of Appeals, Fourth Circuit.
 ARGUED: May 4, 1988.
DECIDED: Aug. 24, 1988.
 
 George Daly for appellant.
 Thomas J. Ziko, Assistant Attorney General (Lacy H. Thornburg, Attorney General, Edwin M. Speas, Jr., Special Deputy Attorney General, N.C. Department of Justice, on brief), for appellees.
 Before DONALD RUSSELL and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Dr. James A. Latimore claimed that the University of North Carolina at Charlotte (UNCC), its administrators, and its Department of Sociology, Anthropology, and Social Work (Department) denied him tenure because of his age in violation of 29 U.S.C. Sec. 621 et seq., and that the Department's vote to deny him tenure was malicious. He also claimed that E.K. Fretwell, Jr., Chancellor of UNCC, violated 42 U.S.C. Sec. 1983 by refusing to resolve an appeal of his grievance involving the same claims. The district court entered summary judgment in Chancellor Fretwell's favor on the Section 1983 claim and directed the verdict in favor of UNCC and the other defendants on the age discrimination claim. It did not reach the malice claim. Latimore v. University of North Carolina at Charlotte, 669 F.Supp. 1345 (W.D.N.C.1987).
 
 
 2
 We affirm the district court's decisions on the age discrimination and Section 1983 claims and remand with instructions to dismiss without prejudice Dr. Latimore's pendent state law claim charging malice to enable him to pursue his grievance through the appropriate university channels.
 
 
 3
 * Dr. Latimore became an Assistant Professor of Sociology at UNCC at the age of 49. Five years later, following an unanimous recommendation by the Department Review Committee, the chairman of the Department notified Dr. Latimore that he would not be awarded tenure. Dr. Latimore appealed the decision to the University Hearing Committee, alleging that the Department denied him tenure because of personal malice and age discrimination. The Hearing Committee found evidence of malice and recommended that the decision be reversed, but James H. Werntz, Vice Chancellor for Academic Affairs, declined to do so.
 
 
 4
 Dr. Latimore then appealed to Chancellor Fretwell. Before Chancellor Fretwell reached his decision, Dr. Latimore filed suit in the district court alleging age discrimination in violation of 29 U.S.C. Sec. 621. Dr. Latimore also complained to the district court that he was denied tenure because of personal malice in violation of state law. Chancellor Fretwell, upon learning of Dr. Latimore's federal suit, informed him that in order to conserve university resources he would take no further action on his administrative appeal and would instead allow the district court to resolve the matter. Dr. Latimore then amended his complaint to allege a deprivation of his first amendment right to petition for redress of grievances and his due process rights in violation of 42 U.S.C. Sec. 1983 and his contract with UNCC.
 
 
 5
 The district court entered summary judgment in Chancellor Fretwell's favor, finding that he was immune from suit. At the trial, the district court refused, over Dr. Latimore's objection, to admit the decision of the University Hearing Committee into evidence. At the conclusion of Dr. Latimore's case the district court directed a verdict in favor of UNCC on the age discrimination claim, but did not address the state law malice claim.
 
 II
 
 6
 An examination of the trial transcript and the district court's lengthy opinion indicates that Dr. Latimore failed to establish a prima facie violation of the Age Discrimination in Employment Act. Accordingly we affirm the directed verdict on his age discrimination claim for reasons adequately stated in the district court's opinion. We also affirm the district court's refusal to admit the report of the University Hearing Committee into evidence. The Committee did not address Dr. Latimore's age discrimination claim. Its finding of bias and "implied malice" were based on concerns other than age. Consequently, the district court did not abuse its broad discretion in refusing to admit the report in the trial of Dr. Latimore's age discrimination claim.
 
 III
 
 7
 We agree with the district court that Chancellor Fretwell was immune from suit under section 1983. The district court properly reasoned that Dr. Latimore had no clearly established constitutional right to have the same claims heard in federal court and by the Chancellor simultaneously. See Harlow v. Fitzgerald, 457 U.S. 800 (1982).
 
 
 8
 A problem remains, however. The district court, while indicating that it intended to do so, never actually resolved each of the issues that Dr. Latimore presented to the Chancellor in his administrative appeal. The court disposed of Dr. Latimore's age discrimination claim but did not decide whether the Department of Sociology, Anthropology and Social Work's decision to deny him tenure was malicious. The court wrote: "Plaintiff has apparently reached the conclusion that there was malice toward him by his peers. But the issue before the Court is whether or not he was denied tenure because of age." 669 F.Supp. at 1352. (emphasis in original).
 
 
 9
 Dr. Latimore had a right, pursuant to section 501C(4) of the Code of the University of North Carolina, to have his appeal heard by Chancellor Fretwell and ultimately the Board of Governors of the University of North Carolina. This right to appeal could not be taken from him without due process of law. See Board of Regents v. Roth, 408 U.S. 564, 577 (1972).
 
 
 10
 The right granted to aggrieved faculty members to appeal a particular claim to the Chancellor and ultimately the Board of Governors is "[s]ubject to such regulations and limitations as may be prescribed by the Board of Governors." Section 501C(4). Chancellor Fretwell, pointing to this language, apparently relies on a recommendation adopted by the Board of Governors in 1973 to preclude a professor from appealing a grievance to the Board. The minutes of the meeting of the Board of Governors of June 27, 1973, reflected the adopted recommendation as follows:
 
 
 11
 Since Professor Kilcoyne filed a civil suit on April 4, 1973 in the United States District Court which raises essentially the same questions of fact and law as have been presented to the Board of Governors, it is the recommendation of your committee that no further appellate activity within the University be undertaken which is directly referable to Dr. Kilcoyne's complaint. Our reasoning is that because, through the election of the grievant, the jurisdiction of a superior forum has been invoked (United States District Court) whose disposition of the several questions will necessarily be binding on all parties, it would not be desirable for this Board to duplicate the inquiry of that superior forum.
 
 
 12
 Chancellor Fretwell and UNCC argue that this recommendation, when approved by the Board of Governors, established a limitation on a faculty member's right to appeal to the Chancellor. Assuming that the recorded minutes of the Board of Governors' meeting effectively promulgated a limitation on the right to appeal under section 501C(4) of the Code, the limitation simply does not apply to Dr. Latimore because the district court did not consider the same claim that he appeals to Chancellor Fretwell: the pendent state claim charging malice. Therefore the Chancellor, by considering the malice issue, would not "duplicate the inquiry" of the district court contrary to the recommendation of the Board of Governors.
 
 IV
 
 13
 The district court properly disposed of Dr. Latimore's federal claim based on age discrimination. It would be inappropriate, therefore, for it to resolve Dr. Latimore's state law malice claim, especially in a dispute over the merits of an university's decision to deny tenure to a faculty member. See Clark v. Whiting, 607 F.2d 634, 639, 643-44 (4th Cir.1979). Accordingly, we remand to the district court with instructions to dismiss Dr. Latimore's pendent malice claim without prejudice, thereby enabling him to pursue the claim before the Chancellor and the Board of Governors in accordance with the procedures outlined in the Code of the University of North Carolina.
 
 
 14
 AFFIRMED IN PART AND REMANDED.